

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YOLANDA SANTIAGO-JIMENEZ,           :
                                    :
                  Plaintiff,        :
                                    :
          -against-                 :      MEMORANDUM DECISION
                                    :      AND ORDER
COMMISSIONER OF SOCIAL SECURITY,    :
                                    :      15 Civ. 3884 (GBD) (JCF)
                  Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Yolanda Santiago-Jimenez brought this action under section 205(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking review of a determination by the Commissioner of Social Security that she is not entitled to Supplemental Security Income benefits. (Compl., (ECF No. 2).) The parties submitted cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Def.'s Mot. for J. on the Pleadings, (ECF No. 13); Pl.'s Cross-Mot. for J. on the Pleadings, (ECF No. 18).)

Before this Court is Magistrate Judge James C. Francis's March 16, 2016 Report and Recommendation ("Report," (ECF No. 21)), recommending that this Court deny the Commissioner's motion, grant the Plaintiff's motion, and remand the case to the Commissioner to consider new, material evidence.[1] (Report, at 1.) This Court adopts those recommendations.

## I.  LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record") (quoting *Nelson*, 618 F. Supp. at 1189).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 34-35.) No objection to the Report has been filed.

This Court may only set aside a decision by the Commissioner if that decision is (i) based upon legal error or (ii) not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Hickson v. Astrue*, No. 09 Civ. 2049, 2011 WL 1099484, at *2 (E.D.N.Y. Mar. 22, 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001).

## II.  ALJ DETERMINATION OF DISABILITY

Under the Social Security Act, a claimant is entitled to disability benefits if she can demonstrate that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To assess a claimant's eligibility, the Administrative Law Judge ("ALJ") undertakes a sequential five-step process. 20 C.F.R. § 416.920(a)(4). Initially, the claimant must demonstrate that: (1) she is not currently engaging in substantial gainful activity; (2) she has a severe impairment that "significantly limits [her] physical or mental ability to do basic work activities"; and (3) based solely on medical evidence, she has an impairment listed in Appendix 1 of the regulations. At step four, if the impairment is not included in the regulations, the ALJ will consider whether, despite the claimant's severe impairment, she has the residual functional capacity ("RFC") to perform her past work. Finally, at step five, if the claimant is unable to perform her past work, the ALJ will determine whether there is work that the claimant could perform. *See generally Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)).

In assessing whether a claimant has a disability, the factors to be considered include: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience." *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980). An ALJ must "grant controlling weight to the opinion of a claimant's treating physician if the opinion is well supported by medical findings and is not inconsistent with other substantial evidence." *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003) (citing 20 C.F.R. § 404.1527(d)(2)). If an ALJ does not give a treating physician's opinion controlling weight, he must provide "good reasons" for declining to do so. *See* 20 C.F.R. § 404.1527(c)(2).

As the Report found, the ALJ correctly analyzed Plaintiff's claim according to the five-step evaluation process. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date she filed her application. (Report, at 22.) Second, the ALJ found that Plaintiff had severe impairments that significantly limited her ability to perform basic work activities. (*Id.*) Third, the ALJ found that none of Plaintiff's impairments were listed in the regulations or medically equaled the severity of one of those impairments. (*Id.*, at 22-23.)

Fourth, the ALJ appropriately considered whether, despite Plaintiff's severe impairment, she had the RFC to perform her past work. (*Id.*, at 23-24.) Here, the ALJ determined that although Plaintiff could not perform any of her past relevant work, she maintained the RFC to perform some light work. (*Id.*, at 24.) In making this determination, the ALJ found that some of Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not credible in light of other medical evidence and contradictory testimony by the Plaintiff. (*Id.*) The ALJ also found that the opinion of Plaintiff's treating physician, Dr. Iqbal, was neither credible nor supported by the record, but gave greater weight to the findings and opinions of one other physician and "somewhat less weight" to those of a third physician. (*Id.*, at 24-25.) Finally, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy, and therefore she is not disabled. (*Id.*, at 25.)

Magistrate Judge Francis properly found that substantial evidence supported the ALJ's determination that Plaintiff is not disabled. At step three, the ALJ determined, based on his examination of Plaintiff's medical records, that none of Plaintiff's impairments met or equaled the severity of a listed impairment. (*Id.*, at 26.) For example, while Plaintiff's medical records confirmed spinal problems, an MRI and x-ray from February 2012 showed only mild degenerative conditions, and her physicians recommended relatively conservative treatment. (*Id.*, at 27.)

4

Moreover, x-rays relating to Plaintiff's hand, foot, and knee pain were all negative, and the record suggests she has only mild asthma. (*Id.*, at 28.) The Report also cites supporting evidence from Dr. Schreiber, Dr. Iqbal, and Dr. Hochberg relating to Plaintiff's mental condition. (*Id.*) Finally, Magistrate Judge Francis properly found that the ALJ considered the correct factors in determining not to give Dr. Iqbal's opinion controlling weight, and the ALJ provided "good reasons" for his determination. (*Id.*, at 29-30.)

### III.   ADDITIONAL MEDICAL EVIDENCE

A Social Security claimant may submit new evidence to the Appeals Council following an adverse ALJ disability determination without any showing of good cause. 20 C.F.R. § 416.1470(b). Under SSA regulations, the Appeals Council "shall" consider new and material evidence that relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. § 404.970(b). An appellant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record," and that it is (2) "material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (internal citations omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (citing *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). Where the Appeals Council fails to consider such evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009).

Magistrate Judge Francis properly found that the Appeals Council should have considered the February and April 2014 medical records that Plaintiff provided after the ALJ's decision.

(Report, at 33-34.)[2] These new reports—which described a February 12, 2014 MRI of Plaintiff's lumbar spine, and an April 23, 2014 x-ray of her knees—substantiated Plaintiff's claims regarding the intensity, persistence, and limiting effects of her claimed disability, and supplied evidence that the ALJ had found lacking in the record. (Report, at 33.) As such, Judge Francis correctly found that these records "might reasonably influence" the ALJ's disability determination. (*Id.*, at 33-34.) *See, e.g.*, *Pollard*, 377 F.3d at 193 (finding that new evidence was material where the records directly supported many of plaintiff's earlier contentions); *Williams v. Comm'r of Soc. Sec.*, 236 F. App'x 641, 644 (2d Cir. 2007) (finding that new evidence was material because it countered the ALJ's finding of insufficient evidence to support plaintiff's allegations of incapacitating pain).

Moreover, the Appeals Council should not have rejected the two medical reports on the ground that they were "new information about a later time" that did not refer explicitly to the relevant time period. (Report, at 18.) Courts in this Circuit have consistently held that the Commissioner should consider new, material evidence that sheds light on the claimant's condition prior to the ALJ determination—even if the evidence post-dates that determination. *See Pollard*, 377 F.3d at 193-94 (holding that new evidence was relevant to the time period for which benefits were denied even though the documents were generated after the ALJ decision); *Lisa*, 940 F.2d at 44 (finding that a diagnosis that emerged after the close of administrative proceedings was material because it shed considerable new light on the seriousness of claimant's condition); *Williams*, 236

---

[2] The Commissioner asserts that the Appeals Council did not err in declining to consider evidence post-dating the ALJ decision. First, the Commissioner argues that the February and April 2014 medical reports do not clearly relate to the relevant period of disability (i.e., the period on or before the date of the ALJ decision). (Comm'r Mem. of Law, (ECF No. 20), at 2-3.) Second, the Commissioner argues that the reports are not probative because the ALJ determination already assumed Plaintiff had severe impairments in her back and knees, and her RFC accounted for those limitations by limiting Plaintiff to light work. (*Id.* at 3-4.)

F. App'x at 644 (remanding case for consideration of medical report that post-dated the period for which benefits had been claimed); *Melvin v. Barnhart*, 02 Civ. 4527, 2004 WL 2591948, at *6-7 (S.D.N.Y. Nov. 8, 2004) (finding that report that post-dated ALJ decision by two years was new material evidence). In this case, the two new reports were issued within months of the ALJ decision and indicated that Plaintiff's condition was more severe than the ALJ originally assessed. Thus, Magistrate Judge Francis properly concluded that the new evidence was material and should be considered by the Commissioner on remand.

## IV. CONCLUSION

Magistrate Judge Francis's Report and Recommendation is adopted. The Defendant's motion for judgment on the pleadings is DENIED. The Plaintiff's cross-motion for judgment on the pleadings is GRANTED. The case is REMANDED to the Commissioner to consider new, material evidence.

The Clerk of Court is directed to close the motions at ECF Nos. 13 and 18.

Dated: New York, New York
October 13, 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge